## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:15-cr-69 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| JASON GMOSER, | : | |
| | : | |
| Defendant. | : | |

## ORDER FOR PSYCHIATRIC EVALUATION
## REGARDING DEFENDANT'S COMPETENCY TO STAND TRIAL

This criminal case is before the Court on Defendant Jason Gmoser's motion to determine competency.  (Doc. 22).  On November 21, 2016, the Court held a status conference by telephone, during which defense counsel elaborated on the basis for the requested evaluation and on his belief that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to stand trial.

The trial and conviction of a defendant "while he is legally incompetent violates due process."  *Pate v. Robinson*, 383 U.S. 375, 378 (1966).  A defendant is not competent to stand trial if he "suffer[s] from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a).

The Court must hold a competency hearing if, on motion of either party, or *sua sponte*, the Court finds "reasonable cause to believe" the defendant is not competent to stand trial.  18 U.S.C. § 4241(a).  Reasonable cause exists when "the court is presented with circumstances that raise a *bona fide* doubt about a defendant's 'present ability to

consult with his lawyer with a reasonable degree of rational understanding,' or call into question a defendant's 'rational as well as factual understanding of the proceedings.'" *United States v. Johns*, 728 F.2d 953, 956 (7th Cir. 1984) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (*per curium*)).  Prior to the competency hearing, the Court may also order a psychological evaluation of the defendant and the preparation of a written report.  18 U.S.C. § 4241(b).

Here, defense counsel states that Defendant's mental health has regressed since the time Defendant was first incarcerated.  As a result of said regression, defense counsel represented to the Court that he is no longer able to confer and converse meaningfully with his client, and has developed significant concern regarding Defendant's competence to stand trial.

Based counsel's representations and his observations of Defendant during the pendency of this case, as well as Defendant's prior criminal proceedings, the Court finds that there is reasonable cause to believe that Defendant may lack the "present ability to consult with his lawyer with a reasonable degree of rational understanding," such that he may not be competent to stand trial.

Accordingly, the Court **ORDERS** as follow:

1. Defendant **SHALL** be committed to the custody of the Attorney General, to be designated and ultimately placed in a suitable Bureau of Prisons ("BOP") facility, for a reasonable period, in order to undergo a mental competency examination, and for the preparation of a psychiatric or psychological report, pursuant to 18 U.S.C. §§ 4241(b) and 4247(b);[1]

---

[1] The Court will issue a separate transport order once the Court is informed of Defendant's facility of designation.

2. The examining physician **SHALL** submit a report to the Court, pursuant to 18 U.S.C. §§ 4241(b) and 4247(c), regarding whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or, specifically, to assist properly in his defense. Additionally, the report **SHALL** address all other criteria set forth in 18 U.S.C. § 4247(c), including, Defendant's history and present symptoms, a description of the tests employed and their results, the examiner's finding, and the examiner's opinions as to diagnosis and prognosis;[2]

3. Should Defendant's medical examination require a period of custody longer than the time set forth in 18 U.S.C. § 4247(b), the director of the BOP facility **SHALL** notify the Court immediately, and timely seek a reasonable extension;

4. This case **SHALL** proceed with a competency hearing pursuant to 18 U.S.C. §§ 4241(a), (c) and 4247(d), which hearing the Court will schedule upon completion of Defendant's psychiatric evaluation and receipt of the evaluator's report; AND

5. As "[a]ny period of … delay resulting from any proceeding, including any examinations, to determine the mental competency … of the defendant" is excludable pursuant to 18 U.S.C. § 3161(h)(1)(A), the time elapsing from the day of the Court's finding of reasonable cause (*i.e.*, November 21, 2016) through the date of Defendant's competency hearing **SHALL BE EXCLUDED** from the speedy trial computation.

**IT IS SO ORDERED.**

Date: <u>11/28/16</u>                               <u>      s/ Timothy S. Black      </u>
                                                   Timothy S. Black
                                                   United States District Judge

---

[2] Upon request, the Court will provide the evaluating physician with a transcript of the status conference wherein defense counsel articulates his observations of Defendant and details his basis for believing that Defendant may not be competent to stand trial.