**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:15-cr-069 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| JASON GMOSER, | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING THE BUREAU OF PRISONS'
REQUEST FOR AN EXTENSION OF TIME TO CONDUCT
DEFENDANT'S COMPETENCY EVALUATION (Doc. 24)**

On November 28, 2016, this Court issued a written order granting Defendant Jason Gmoser's request for a competency evaluation pursuant to 18 U.S.C. §§ 4241(b) and 4247(b). (Doc. 23). The Court further ordered that the examining physician submit an evaluation report, pursuant to 18 U.S.C. §§ 4241(b) and 4247(c), in order to assist the Court in determining whether Defendant is currently suffering from a mental disease or defect rendering him mentally incompetent such that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. (*Id*. at 3). Finally, the Court ordered that any delay resulting from Defendant's competency evaluation shall be excluded from the speedy trial calculation, pursuant to 18 U.S.C. § 3161(h)(1)(A). (*Id.*)

Defendant was subsequently transported to the Federal Medical Center in Lexington, Kentucky ("FMC Lexington") for a mental health evaluation, arriving on

January 5, 2017.[1] (Doc. 24). On or about January 16, 2015, the Court received a letter, dated January 6, 2017 and postmarked January 10, 2017, from the warden of FMC Lexington, requesting a fifteen (15) day extension to complete Defendant's evaluation, pursuant to 18 U.S.C. § 4247(b). (*Id.*) The request states that the extension is necessary "due to the large number of [court orders for] evaluations received [by FMC Lexington] and in order to allow [the] clinical staff sufficient time to conduct a thorough examination…." (*Id.*) With a fifteen-day extension, FMC Lexington anticipates that the evaluation will be completed by February 21, 2017 and the examiner's report will be submitted to the Court by March 21, 2017. (*Id.*)

The Court finds that a brief extension, in order to ensure the completion of a thorough competency evaluation, is entirely reasonable and is in the best interest of Defendant. Accordingly, the Court **ORDERS** as follows:

---

[1] On December 22, 2016, upon the Court's inquiry, the U.S. Marshals advised that Defendant would be transported to FMC Lexington on the next airlift. Due to the holidays, however, the date of the next airlift had yet to be determined, although the U.S. Marshals anticipated that it would likely be scheduled for January 4 or 5, 2017. The U.S. Marshals stated that they would notify the Court once the next airlift date was confirmed and, upon receipt of said notice, the Court intended to issue a formal transport order (*i.e.*, one reflecting the accurate dates of Defendant's transport). However, the Court did not receive notice as anticipated and, therefore, was unable to issue its intended transport order. Regardless, based upon Defendant's proposed airlift date of January 4 or 5, 2017, as well as his confirmed arrival date of January 5, 2017, the Court finds that Defendant's transport could not have consumed more than ten days and, accordingly, was well within the Speedy Trial Act's ten-day reasonable exclusion period. *See* 18 U.S.C. § 3161(h)(1)(F). Moreover, given the unavailability of airlifts due to the holiday season, the Court further finds that any delay beyond ten days (if any such delay occurred) was reasonable and, indeed, necessary to accomplish Defendant's competency evaluation, as denial of Defendant's evaluation merely to conserve speedy trial time would not serve the ends of justice and, in fact, would have resulted in a miscarriage of justice. Therefore, the Court finds that the time which elapsed during Defendant's transport to FMC Lexington shall be excluded from the speedy trial computation pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(i).

1. For good cause shown, the request from FMC Lexington, pursuant to 18 U.S.C. § 4247(b), for a fifteen (15) day extension of time within which to complete Defendant's mental health evaluation (Doc. 24) is **GRANTED**. Accordingly, Defendant's competency evaluation **SHALL** be completed on or before February 21, 2017, and the examining physician's report **SHALL** be submitted to the Court on or before March 21, 2017;

2. Pursuant to 18 U.S.C. § 3161(h)(1)(A), "[a]ny period of ... delay resulting from any proceeding, including any examinations, to determine the mental competency ... of the defendant" **SHALL BE EXCLUDED** in computing the time within which trial must commence; and

3. The Court will contact the parties to schedule a hearing upon receipt of the competency evaluation report.

**IT IS SO ORDERED.**

Date:  January 23, 2017                                                         *s/ Timothy S. Black*
                                                                                                    Timothy S. Black
                                                                                                    United States District Judge