**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:15-cr-69 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| JASON GMOSER, | : | |
| | : | |
| Defendant. | : | |

**ORDER FINDING DEFENDANT
COMPETENT TO STAND TRIAL**

This criminal case is before the Court for a determination as to Defendant Jason Gmoser's competency to stand trial. The Court previously granted defense counsel's motion for a competency evaluation. (Doc. 23). The Court referred Defendant for a competency examination, to be conducted at an appropriate Bureau of Prisons ("BOP") medical facility. (*Id*. at 2). The Court further ordered the preparation of an examination report, pursuant to 18 U.S.C. § 4241(b). (*Id*. at 3).

Pursuant to this Court's order, Defendant was committed to FMC Lexington, where Forensic Psychologist Judith (Betsy) Campbell, Ph.D., conducted Defendant's competency evaluation and subsequently prepared a thorough mental competency evaluation report. (Doc. 27). The Court has received and reviewed the report, which has been filed on the docket under seal. (*Id*.) The parties have informed the Court that they stipulate to the findings in the report and, accordingly, agree that no competency hearing is required. (Min. Entry & Not. Order, Apr. 5, 2017).

The report states that "[i]nformation gathered over the course of the evaluation supports a finding [Defendant] meets the basic criteria of competency to stand trial." (Doc. 27 at 12). More specifically:

> [Defendant] evidenced a thorough and adequate appreciation and understanding of his legal situation. He has not been diagnosed with a mental disorder which significantly impairs his perception of reality and there is no indication his perception or comprehension of his legal situation is presently impaired by mental illness. Overall, [Defendant] demonstrated an adequate understanding of legal concepts and the nature of legal proceedings in general. He also demonstrated the ability to apply this knowledge to the facts of his own case. He understood his position as a defendant in a criminal case and understood the crime he is alleged to have committed. He described his legal situation in a rational, non-delusional, and reality-based manner. He engaged productively and meaningfully in discussions of his case with [Dr. Campbell].

(*Id*. at 13). Further, Defendant understood the role of his attorney, the prosecuting attorney, and the judge. (*Id*.) Defendant also "understood the adversarial nature of legal proceedings," as well as the likely consequences of conviction. (*Id*.)

In sum, the evaluator concluded that "[Defendant] displayed a basic understanding of the proceedings against him and demonstrated sufficient present ability to consult with his attorney regarding the charges against him should he so choose." (*Id*. at 13-14). Accordingly, Dr. Campbell opined that "[Defendant] is **not** currently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or properly assist in his defense. Thus … [Defendant] **is** currently competent to stand trial." (*Id*. at 14) (emphasis in original).

Having thoroughly reviewed the report of the evaluating forensic psychologist, and in light of the parties' stipulations, the Court finds that Defendant Jason Gmoser is <u>not</u> suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Accordingly, the Court finds Defendant Jason Gmoser is presently **COMPETENT** to stand trial.

**IT IS SO ORDERED.**

Date:   4/6/17

*Timothy S. Black*
Timothy S. Black
United States District Judge

3