**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Case No.:  1:15CR-069 |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **JUDGE TIMOTHY S. BLACK** |
| | ) | |
| vs. | ) | |
| | ) | **MOTION TO SUPPRESS EVIDENCE** |
| **JASON GMOSER,** | ) | **AND ORAL STATEMENTS** |
| | ) | **(Evidentiary Hearing Requested)** |
| **Defendant.** | ) | |
| | ) | |

Defendant, Jason, Gmoser, by and through undersigned counsel, respectfully moves this Court to suppress any and all statements, observations, physical evidence, reports or test results obtained as a result of the illegal search and seizure of his person and property, which was conducted as a result of a violation of his <u>Miranda</u> rights in violation of the Fifth Amendment. The reasons underlying this Motion are set forth in the attached Memorandum which is incorporated herein by this reference.

                                                                                       /s/Bradley M. Kraemer
                                                                                       Bradley M. Kraemer (0070329)
                                                                                       Attorney for Defendant
                                                                                       4841A Rialto Road
                                                                                       West Chester, OH  45069
                                                                                       Telephone:   (513) 942-7222
                                                                                       Facsimile:    (513) 942-6444
                                                                                       Bradley@cklawoh.com

**MEMORANDUM**

I. **Introduction**

Mr. Gmoser also asserts a violation of his Miranda rights, as officers did not immediately stop questioning him upon his invocation of Miranda, but rather, continued questioning. It is also clear from his conduct that Mr. Gmoser did not understand the implications of Miranda, making a voluntary waiver impossible. Therefore, Mr. Gmoser requests this Honorable Court holding a hearing to determine whether the evidence and contraband seized pursuant to the faulty warrant should be suppressed, and whether officers obtained Mr. Gmoser's statements in violation of Mr. Gmoser's Fifth Amendment rights, also requiring suppression.

II. **Applicable Facts**

On October 16, 2015, a search warrant was executed at 2000 Smith Road, Hamilton, Ohio 45011. Subsequent to the execution of that warrant, the Defendant, Jason Gmoser was placed under arrest and a custodial interview took place. During this lengthy interview, it is clear that Mr. Gmoser was not aware of the implications of a Miranda waiver as he questioned several times what was taking place and had the agents repeat themselves several times. Mr. Gmoser, also questions whether he should have a lawyer present for the interview as he did not understand the process. Yet, the interview continues.

III. **Miranda Violations**

The government may not use statements, whether exculpatory or inculpatory, obtained from custodial interrogation unless they properly utilize procedural safeguards to

guarantee the accused has been informed of and freely waived the Constitutional privileges of the Fifth Amendment. Miranda v. Arizona, 384 U.S. 436,444-45 (1966). The reason for excluding statements in violation of Miranda is that custodial interrogation is inherently coercive. To comply with the required procedural safeguards of Miranda, the government must demonstrate the following:

> Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed. The defendant may waive effectuation of these rights provided the waiver is made voluntarily, knowingly and intelligently. **If, however, he indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking, there can be no questioning.**

Id. (emphasis added).

The government bears the burden of proving a suspect's Miranda waiver was voluntary, knowing, and intelligent. Abela v. Martin, 380 F.3d 915, 928 (6th Cir. 2004). There is no presumption that a defendant is capable of understanding his rights and intelligently waiving them, and the defendant does not bear the burden of proving his lack of capacity to waive his rights. Instead, the Supreme Court has held that the government has the burden of showing the defendant had the capacity to understand the warnings. Tague v. Louisiana, 444 U.S. 469, 470 (1980). A defendant's capability to understand his rights is determined under a "totality-of-the-circumstances approach." Fare v. Michael C., 442 U.S. 707, 725 (1979).  This involves considering the defendant's "age, experience, education, background, and intelligence, and into whether he has the capacity to understand the warnings given him, the nature of his Fifth Amendment rights, and the consequences of waiving those rights." Id.

Once the search warrant was executed, Agents Johns and Kirschner interrogated Mr. Gmoser in a room. It is unclear when the agents advised Mr. Gmoser of his <u>Miranda</u> rights in reference to the search warrant was executed. During the initial part of the recorded interview, Mr. Gmoser continuously indicates that he doesn't understand why the agents are there and other statements indicating he did not understand what was taking place. At no point did the agents get a verbal affirmation from Mr. Gmoser that he understood his rights. Instead, he continues to ask questions.

Mr. Gmoser stated something to the effect that most people have an attorney present and not to say anything. When a person invokes either the right to remain silent or the right to the presence of counsel, the police must immediately cease questioning. "If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease." <u>Miranda</u>, 384 U.S. at 473-74. And, "[i]f the individual states that he wants an attorney, the interrogation must cease until attorney is present." <u>Id.</u> At 474, 86 S.Ct. 1602. Here, Mr. Gmoser clearly and unambiguous invoked both his right to silence and his right to an attorney. <u>Cf Davis v. United States</u>, 512 U.S. 452, (1994). Yet, agents continued to press Mr. Gmoser instead of ceasing the interrogation as required by law.

It was law enforcement that reopened the conversation following Mr. Gmoser's statement he wished to remain silent. <u>See Moore v. Berghius</u>, 700 F.3d 882, 888 (6th Cir. 2012) (once <u>Miranda</u> has been invoked all questioning must cease and can only be reinitiated by the accused) (citing <u>Edwards v. Arizona</u>, 451 U.S. 477, 484-85 (1981)).

Once Mr. Gmoser invoked his right to counsel and demonstrated that he clearly was confused "a valid waiver of that right cannot be established by showing only that he

4

responded to further police-initiated custodial interrogation even if he has been advised of his rights." <u>Edwards</u>, 451 U.S. at 484. Instead, after initially invoking his right to silence and after stating he maybe wanted an attorney, Agents Johns and Kirschner continued the interrogation.

Agents continued to question Mr. Gmoser after it became clear that his waiver was not knowing and voluntary, in violation of <u>Miranda</u>. Therefore, the statements obtained from Mr. Gmoser must be suppressed.

## IV. Conclusion

Mr. Gmoser moves this Court to suppress statements obtained in violation of his <u>Miranda</u> rights. An evidentiary hearing is necessary so the Court may consider the totality of the circumstances surrounding the waiver and the statements law enforcement elicited from Mr. Gmoser.

/s/Bradley M. Kraemer  
Bradley M. Kraemer (0070329)  
Courtney Caparella-Kraemer (0077016)  
Attorney for Defendant  
4841A Rialto Road  
West Chester, OH  45069  
Telephone:    (513) 942-7222  
Facsimile:     (513) 942-6444  
Bradley@cklawoh.com  

**CERTIFICATE OF SERVICE**

5

      The undersigned hereby certifies that a true and accurate copy of the foregoing has been served upon Counsel of Record via e-mail on this 4th day of September, 2017.

                                              /s/Bradley M. Kraemer
                                              Bradley M. Kraemer (0070329)
                                              Courtney Caparella-Kraemer (0077016)
                                              Attorney for Defendant