# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO. 1:15-cr-069** |
| Plaintiff, | : | |
| | : | **JUDGE BLACK** |
| v. | : | |
| | : | **GOVERNMENT'S RESPONSE TO** |
| | : | **DEFENDANT'S MOTION TO** |
| | : | **SUPPRESS EVIDENCE AND ORAL** |
| **JASON GMOSER,** | : | **STATEMENTS** |
| | : | |
| Defendant. | : | |
| | : | |

Now comes the United States of America, by and through counsel, and respectfully files the following response in opposition to Defendant's Motion to Suppress Evidence and Oral Statements (R. 29). The United States respectfully states that Gmoser was properly advised of his rights pursuant to *Miranda* and voluntarily provided statements. Further, his residence was searched pursuant to a properly authorized search warrant which set forth probable cause. For the reasons stated herein, the United States respectfully requests the Court deny Defendant's Motion to Suppress Evidence and Oral Statements (R. 29).

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

*s/Christy L. Muncy*
CHRISTY L. MUNCY (KY 88236)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Fax: (513) 684-6385
E-mail: Christy.Muncy@usdoj.gov

**MEMORANDUM**

**BACKGROUND**

In early 2014, a person using screen name "argonaut" was observed by an undercover agent with the Federal Bureau of Investigation (FBI) on an online bulletin board whose primary purpose was the advertisement and distribution of child pornography. Information on the website regarding "argonaut"'s indicated that the user was a Co-Administrator of the website. Statistics related to "argonaut" showed that the user had made approximately 2,096 postings to the website, had sent approximately 1,183 private messages, and had made 361 "contribution posts" (postings of images or videos).

Later on in 2014, foreign law enforcement officials seized a computer pursuant to a search warrant of another administrator of the website "argonaut" who was a Co-Administrator. During the search of the computer, foreign law enforcement discovered a database backup containing the content associated with the website. In reviewing the data, other administrators were identified through their IMS (Instant Messaging) username and IP (Internet Protocol) addresses. "argonaut"'s IMS username and IP address were discovered among those. Law enforcement determined that the user utilizing the IP address used by "argonaut" was issued by Time Warner Cable and identified the particular account holder as Jason Gmoser (Gmoser).

Prior to making a positive identification of the person associated with "argonaut", the administrators of the website were indicted in the Central District of Illinois for engaging in a child exploitation enterprise and conspiracy to advertise and distribute child pornography. John Doe #4 a.k.a. argonaut was among those indicted. (*See* Government Exhibit 1, Arrest Warrant, Case Number 14-20048-04, United States District Court, Central District of Illinois.)

Based on the above and additional information, Special Agents with the FBI sought and obtained a search warrant for the residence of Gmoser located at 2000 Smith Road, Hamilton, Ohio 45013 (*See* Government Exhibit 2, Search and Seizure Warrant and Application for a Search Warrant, Case Number 1:14-MJ-634, United States District Court, Southern District of Ohio.) Gmoser was home when the search warrant was executed on October 14, 2014. Upon looking at Gmoser's computer, it was almost immediately confirmed that he was "argonaut." Agents asked Gmoser if he was willing to speak to him and he agreed. Prior to making any statements, Gmoser was advised of his rights and signed consent indicating he was willing to answer questions. (*See* Government Exhibit 3, FBI Advice of Rights.)

The communication between Gmoser and agents lasted approximately 5 hours and was audio recorded. (*See* Government's Exhibit 4, Audio Recorded Interview of Jason Gmoser.)[1] During the interaction, Gmoser was provided food and drinks and was allowed to use the restroom on multiple occasions. He was not threatened in any way. At no time during the interaction did Gmoser indicate he wanted to stop answering questions, nor did he request an attorney.

## ARGUMENT

**The search warrant issued to search Gmoser's residence contained sufficient information to establish probable cause to link a person using an IP address which resolved to Gmoser's residence had been engaging in various offenses related to child pornography.**

Gmoser offers this Court little by way of explanation as to why the evidence obtained pursuant to a properly authorized search warrant should be suppressed other than to say the warrant is "faulty." He is wrong. To the extent Gmoser does question the validity of the warrant, the United States submits it contained more than enough probable cause to conclude that a person

---

[1] A copy of Government Exhibit 4 was delivered to the Court's chambers on the date of this filing.

using an IP address which resolved back to Gmoser's residence had committed violations of federal law.

The Sixth Circuit has stated that a search warrant "must particularly describe the things to be seized, but the description, whose specificity will vary with the circumstances of the case, will be valid if it is as specific as the circumstances and nature of the activity under investigation permit." *Guest v. Leis,* 255 F.3d 325, 336 (6th Cir. 2001). An affidavit "must establish a nexus between the place to be searched and things to be seized, such that there is a substantial basis to believe that the things to be seized will be found in the place searched." *Ellison v. Balinski*, 625 F.3d 953, 958 (6th Cir. 2010). Probable cause exists "when there is a 'fair probability' ... that contraband or evidence of a crime will be found in a particular place." *United States v. Helton*, 314 F.3d 812, 819 (6th Cir. 2003). It is only necessary that an issuing officer find "reasonable grounds for belief that evidence will be found in order to justify the issuance of a search warrant." *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990). Probable cause has "repeatedly been defined in terms of the facts and circumstances known to the officers at the time of the search." *United States v. Pasquarille*, 20 F.3d 682, 685 (6th Cir. 1994). Further, the "test for probable cause is simply whether 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Padro*, 52 F.3d 120, 123 (6th Cir. 1995). Here, given the totality of the circumstances and the information as meticulously laid out in the Affidavit, there was more than a fair probability that evidence of child pornography offenses crime would be found at Gmoser's residence.

A search warrant is "judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added." *United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000). Gmoser fails to lay out for the Court why the search warrant affidavit is "faulty"

or why any evidence obtained as a result should be suppressed. The affidavit very clearly connects an online user of a child pornography website to Gmoser and ultimately to Gmoser's residence. The affidavit establishes the ease with which child pornography is transferred using computers and the common characteristics associated with individuals who engage in such conduct.

When issuing a warrant, a judge must apply a "totality of the circumstances" test to issues of probable cause. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). This test requires a "practical common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information," that probable cause exists. *Id.* Here, the affidavit established that on the date and time of the internet activity directly connected to child pornography, the person engaging in that activity was located at 200 Smith Road, Hamilton, OH 45013.

Nexus can be "inferred from 'the type of crime being investigated, the nature of things to be seized, the extent of an opportunity to conceal the evidence elsewhere and the normal inferences that may be drawn as to likely hiding place'." *United States v. Elbe*, 774 F.3d 885, 889-90 (6th Cir. 2014); *quoting United States v. Williams*, 544 F.3d 683, 687 (6th Cir. 2008). The defendant in *Elbe* argued that because none of the child pornography activity was directly connected to the residence he was living in at the time of the search, that an insufficient nexus existed. The Sixth Circuit disagreed. The Court turned to its holding in *United States v. Lapsins*, 570 F.3d 758 (6th Cir. 2009). In *Lapsins*, the Court held that in relation to child pornography an affidavit "including both information connecting the defendant to the offending username and information about where the defendant lived established probable cause" to search his residence. *Lapsins*, 570 F.3d at 766. The same is true here. The IP address associated with "argonaut" was issued by Time Warner Cable, which was determined to belong to account holder Jason Gmoser, residing at 200 Smith

Road. The service was noted in the affidavit as being established in January 2012. There is a sufficient nexus.

### *The Good Faith Exception*

Assuming the affidavit is found by this Court to be deficient, which it should not be, it should be saved pursuant to the "good faith" exception. *See United States v. Leon*, 468 U.S. 897 (1984). "When evidence is obtained in violation of the Fourth Amendment, the judicially developed exclusionary rule usually precludes its use in a criminal proceeding against the victim of the illegal search and seizure." *Illinois v. Krull,* 480 U.S. 340, 347 (1987). However, courts should not suppress "evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant." *U.S. v. Leon*, 468 U.S. at 922.

The Sixth Circuit has identified four specific situations in which an officer's reliance on a subsequently invalidated warrant cannot be considered objectively reasonable: (1) when the warrant is issued on the basis of an affidavit that the affiant knows (or is reckless in not knowing) contains false information; (2) when the issuing magistrate abandons his neutral and detached role and serves as a rubber stamp for police activities; (3) when the affidavit is so lacking in indicia of probable cause that a belief in its existence is objectively unreasonable; and (4) when the warrant is so facially deficient that it cannot be reasonably presumed to be valid. *United States v. Laughton*, 409 F.3d 744, 748 (6th Cir. 2005). The first of the two situations are not at issue; leaving the Court to determine the applicability, if any, of the remaining two situations. The government submits that the affidavit contained sufficient probable cause and was more than "facially" valid. For the reasons stated above, any objective law enforcement officer, after reviewing the affidavits would have concluded there was a fair probability that evidence of criminal conduct would be found in Gmoser's residence.

**Gmoser's statements should not be suppressed because he was advised of his *Miranda* rights and voluntarily waived those rights.**

*Miranda* mandates that "custodial interrogation be preceded by advice to the putative defendant that he has the right to remain silent and also the right to the presence of an attorney." *Edwards v. Arizona,* 451 U.S. 477, 481-82 (1981). If an accused thereafter invokes his right to counsel, "the police must cease interrogation until counsel has been made available, unless 'the accused himself initiates further communication, exchanges, or conversations' with the police." *United States v. Ware*, 338 F.3d 476, 480 (6th Cir. 2003), quoting *Edwards*, 451 U.S. at 484-85. "[A] defendant who has invoked his right to counsel may himself lawfully initiate discussion of the crime." *Id*. at 481.

In the instant case, there is no violation of *Miranda*. Gmoser was advised of his *Miranda* rights. He stated he understood his rights and that he was willing to speak with agents. He then signed consent indicating his willingness to speak to agents. Gmoser knowingly and voluntarily waived his rights under *Miranda*, and for that reason his Motion to Suppress Statements should be denied.

In 2014, while law enforcement officers executed a search warrant at Gmoser's residence, they requested to speak with him. He agreed. The United States does not dispute that Gmoser was not free to leave once agents determined he was "argonaut". Therefore, the question of custody is not in question. Because of this, agents properly advised Gmoser of his rights under *Miranda*.

Gmoser inaccurately argues that he did not understand his *Miranda* rights. However, a review of the recorded interview clearly indicates that his misunderstanding, if any, was why he could not get "back to his life" and what conditions he would be living in once incarcerated. During the entirety of the interview, Gmoser never invokes his right to remain silent. He never

asks agents to stop questioning. He never asks to speak to an attorney. A request for the assistance of counsel must be "unambiguous or unequivocal." *United States v. Davis*, 512 U.S. 452, 459-62 (1994).

The Special Agents did not engage in coercive activity with Gmoser, nor did they interrogate him after he invoked his right to counsel, because he did not invoke such right. He was advised of his rights prior to making statements. He points to no facts which would support his statements were anything other than voluntary and done of his own free will. He does not attest to any specific threat or promise made by any agent he met. He only indicates the interview was "lengthy." However, in listening to the recorded interview, it is clear that much of it did not involve questions which led to incriminating statements.

To state simply, Gmoser was advised of each right he possessed. He indicated he understood those rights and he waived them. There is no basis to suppress the statements he made after being properly *Mirandized*.

## CONCLUSION

For the reasons stated herein, the United States respectfully requests Gmoser's Motion to Suppress Evidence and Oral Statements (R. 29) be denied.

>Respectfully submitted,
>
>BENJAMIN C. GLASSMAN
>United States Attorney
>
>*s/Christy L. Muncy*
>CHRISTY L. MUNCY (KY 88236)
>Assistant United States Attorney
>221 East Fourth Street, Suite 400
>Cincinnati, Ohio 45202
>Office: (513) 684-3711
>Fax: (513) 684-6385
>E-mail: Christy.Muncy@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Government's Response in Opposition to Defendant's Motion to Suppress Evidence and Statements was filed with the Court's CM/ECF System this day, October 11, 2017, which provides electronic notice to all parties.

                                                 *s/Christy L. Muncy*_____
                                                 CHRISTY L. MUNCY (KY 88236)
                                                 Assistant United States Attorney