AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
Southern District of Ohio

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| | ) | Case Number: 1:15-cr-69 |
| Jason Gmoser | ) | USM Number: 72612-061 |
| | ) | Bradley Kraemer |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   6

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2251(a) and (e) | Production of Child Pornography | 6/12/2012 | 6 |

The defendant is sentenced as provided in pages 2 through   8   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   1-5, 7-12   ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/31/2023
Date of Imposition of Judgment

Signature of Judge

Douglas R. Cole - U.S. District Judge
Name and Title of Judge

5/31/2023
Date

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 8

DEFENDANT: Jason Gmoser
CASE NUMBER: 1:15-cr-69

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

> 360 months to run concurrent with the sentence imposed in United States District Court, Central District of Illinois case 14-CR-20048-004

☑ The court makes the following recommendations to the Bureau of Prisons:
  (1) That the Defendant be placed in a federal medical facility other than FMC Lexington.
  (2) That the Defendant participate in sex offender treatment.
  (3) That the Defendant participate in mental health treatment.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____.
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 8

DEFENDANT: Jason Gmoser
CASE NUMBER: 1:15-cr-69

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Life

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 4 of 8

DEFENDANT: Jason Gmoser
CASE NUMBER: 1:15-cr-69

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____  Date _____

DEFENDANT: Jason Gmoser
CASE NUMBER: 1:15-cr-69

## SPECIAL CONDITIONS OF SUPERVISION

(1) Shall not view or possess material, images, videos, or computer files containing sexually explicit conduct as defined by 18 U.S.C. §§ 2256(2)(A) and (B).

(2) Shall participate in a sexual offender treatment program, to include a sex offender risk assessment, psycho-sexual evaluation and/or other evaluations needed. The defendant shall follow the rules and regulations of the sex offender treatment program as approved by the probation office. The defendant shall sign all necessary authorization forms to release confidential information so that treatment providers, the probation officer, polygraph examiner, and others (as necessary) are allowed to communicate openly about the defendant's course of treatment, and progress in treatment. The defendant shall make a co-payment for sex offender treatment services not to exceed $25 per month, which is determined by the probation officer's assessment of the defendant's ability to pay.

(3) Shall be subject to periodic polygraph examinations at the discretion and direction of the probation officer as means to ensure that the defendant is in compliance with the requirements of his or her supervision or treatment. The polygraph testing will be at the defendant's expense, based on the probation officer's assessment of the defendant's ability to pay.

(4) Shall have his residence and employment pre-approved by the probation officer and in compliance with state and local law.

(5) Shall submit to the installation of software, and to monitor computer activities on any computer the defendant is authorized to use at the defendant's expense. The software will record any and all activities on the defendant's computer. The software will be checked on a periodic basis. The defendant has no expectations of privacy regarding computer use or information stored on the computer and shall make other users of said computer aware of the monitoring software. The defendant understands that any information gathered by said software may be used against the defendant in subsequent court actions regarding the defendant's computer use and the conditions of supervision. Furthermore, the defendant shall comply with the rules set forth in the Computer and Internet Monitoring Agreement and the Computer and Internet Acceptable Use Agreement as adopted by the Southern District of Ohio.

(6) Shall, in consideration of 18 U.S.C. § 3583(d)(3), submit and/or surrender any media device, to which they have access and/or control, to a search based on reasonable suspicion of contraband or evidence of a violation of a condition of supervision. A media device is defined as, but not limited to, any device which is capable of accessing the internet, storing images, text, or other forms of electronic communication.

(7) Shall have no contact with any minors with exception of the defendant's own children. The term contact extends to all forms of communication such as email, telephone, text, letter, and any other form of electronic communication. This provision does not encompass persons under age 18 such as ticket vendors, cashiers, or waiters with whom the defendant must deal in order to obtain normal commercial services. The defendant shall be prohibited from loitering where minors congregate, such as, but not limited to, playgrounds, arcades, amusement parks, recreation parks, sports events involving minors, shopping malls, and public swimming pools.

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 6 of 8

DEFENDANT: Jason Gmoser
CASE NUMBER: 1:15-cr-69

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ 0.00 | $ 0.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Jason Gmoser
CASE NUMBER: 1:15-cr-69

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
(1) A Sony Camera, serial number 3515950.
(2) Lexar 1 GB Memory Stick.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

DEFENDANT: Jason Gmoser
CASE NUMBER: 1:15-cr-69

# ADDITIONAL FORFEITED PROPERTY

(3) Sony 4GB Memory Stick.
(4) Three (3) SanDisk Thumb Drives labeled, Recovery; UBCD 4WM 3.60 Windows SerVer 2003 SP2; and Parted Magic.
(5) Western Digital 40GB Hard Drive; Serial No. WXC4060222l8.
(6) One External Western Digital Hard Drive with Power Cord; Serial No. WCAWZ1809056.
(7) One External Western Digital Hard Drive with Power Cord; Serial No. WCAWZ1628172.
(8) One External Western Digital Hard Drive with Power Cord; Serial No. WCAWZ0670461.
(9) One External Western Digital Hard Drive with Power Cord; Serial No. WCAVY0031389.
(10) One External Western Digital Hard Drive with Power Cord; Serial No. WCAVY0088890.
(11) One External Western Digital Hard Drive with Power Cord; Serial No. WCAWZ0731050.
(12) One External Western Digital Hard Drive with Power Cord; Serial No. Unknown.
(13) One External Western Digital Hard Drive with Power Cord; Serial No. WXGIAB0H9564.
(14) Patriot 8GB Micro SD Card with Adaptor; Serial No. Unknown.
(15) One Western Digital My Passport Hard Drive with Power Cord; Serial No.WXVI E30XYX35T.
(16) One Western Digital My Passport Hard Drive with Power Cord; Serial No. WXMIAB0Y6625.
(17) One Western Digital My Passport Hard Drive with Power Cord; Serial No. WX41C32D7404.
(18) One Western Digital My Passport Hard Drive with Power Cord; Serial No. WXT1CB 1S4712.
(19) One Western Digital My Passport Hard Drive with Power Cord; Serial No. WXR1 A3063089.
(20) SanDisk Cruzer 32GB Thumb Drive; Serial No. Unknown.
(21) SanDisk Cruzer 8GB Thumb Drive; Serial No. Unknown.
(22) SanDisk Cruzer 2GB Thumb Drive; Serial No. Unknown.
(23) One 32GB PNY Micro SD Card with Adapter; Serial No. Unknown.
(24) Sony Play Station 3 Console with One Controller; Serial No. CE804470955-CECHH01.
(25) Logitech Video Web Camera with Cord; Serial No. 1236LZ0FK3V8.
(26) Nokia Cellular Phone; IMEI351967/05/197633/5.
(27) Coolmax Dual Bay SSTA Raid External Hard Drive with Power Cord; Serial No. MQ0509105106.
(28) Coolmax Dual Bay SSTA Raid External Hard Drive with Power Cord; Serial No. MQ0509 105359.
(29) Sony Vaio Laptop Computer with Cords; Serial No. 545709390000269.
(30) HP Pavilion Elite Desktop Computer; Serial No. MXX0250GXJ.
(31) HP Pavilion Elite Desktop Computer; Serial No. MXX029041K.
(32) Raid Computer Tower with Cords; Serial No. A328ADAEAR200018.
(33) Raid Computer Tower with Cords; Serial No. A225ADAEAR200088.
(34) HGST Hard Drive; Serial No. 6PGMJMUC.
(35) Bitmain Antiminer Labeled "8-18-14" "3"; Serial No. Unknown.
(36) Bitmain Antiminer Labeled "8-19-14" "5"; Serial No. Unknown.
(37) Bitmain Antiminer Labeled "8-18-14" "4"; Serial No. Unknown.
(38) Bitmain Antiminer Labeled "7-24-14" "1", Serial No. Unknown.
(39) Bitmain Antiminer Labeled "7-31-14 8/12/14 100%" "2"; Serial No. Unknown.
(40) Box Containing 7 Bitmain Antiminer Accessories; Serial No. Unknown.
(41) Seagate Hard Drive; Serial No. 5PV1A4T2.
(42) All additional items seized, including, but not limited to: all storage media, (micro SD cards, 8 mm video tapes, Zip drives, CDs, mini CDs, CDRs, DVDs, mini DVDs, floppy disks, VHS tapes, and cassette tapes), documents, packages and photographs.
(43) All pornographic material, whether depicting adults or minors or both, and all photographs which depicts minors, other than photographs of clothed minor members of Gmoser's family.